### OHIO COAL & SUPPLY CO v KESS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12065.  Decided April 25, 1932

Klein and Diehm, Cleveland, for plaintiff in error.

Karch & Harrison, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

SHERICK, PJ.

The errors complained of by the Coal Company are practically four in number:

First: That the driver of the truck was the servant of the defendant Divis and not of the Coal Company.

Second: That the plaintiff was guilty of contributory negligence in his attempt to pass around to the head of the truck at the time his injury was sustained.

Third: That the court erred in its charge to the jury.

Fourth: That the verdict is excessive.

In construing the first claimed error it should be noted that upon motion made during the trial of the cause the defendant, Divis was discharged and the action proceeded as against the Coal Company.

In considering this claimed error it is disclosed from the evidence that for a period of three years Divis' trucks were exclusively devoted to the Coal Company's service and in the service of no other person, and during such time as they were not in the service the trucks stood in the Coal Company's yard. It is also shown at certain times paper signs appeared upon the trucks bearing the name of the defendant Coal Company.

It further appears that these five trucks were under the exclusive control of the Coal Company, that the Coal Company might divert any one of these trucks to its use in any other delivery at any other place, and that the Coal Company exercised full authority in instructing the drivers of these trucks in what manner their trucks should be driven.

It is also shown that the Coal Company controlled the insurance coverage upon these trucks and that Divis did not give any orders to the drivers. There is also some testimony in this case, as testified to by Divis, that the Coal Company had a right to object to any driver, and it is said by Divis that had such an occasion arisen we would have laid off and discharged the driver.

On the other hand the record discloses

that Divis employed the driver Riedthaler and his other drivers and no doubt would have had a right to discharge them at any time. It is also shown that he derived a profit from the hiring of his five trucks and drivers to the Coal Company, and that he paid his drivers their wages; that he kept his trucks in repair and running order.

Under this state of the facts in this case we are now called upon to determine whether or not the relationship of respondeat superior existed as between the driver of the truck and the Coal Company, and it is insisted on behalf of the plaintiff in error that the law of this case is as it appears in the case of **Babbitt v Say, Admr., 120 Oh St 177,** and that the trial court should have upon its repeated motion taken this case from the jury.

On the other hand, it is contended by the defendant in error that the case of **Snodgrass v Cleveland Cooperative Coal Company, 31 Oh Ap 470,** correctly states the law applicable to the facts developed in this case.

We believe it to be sound in principle and in reason that the relationship of a master and servant is shown to exist when it appears that the employee is subject to the control of the employer, not only as to the result to be accomplished but also as to the means to be used in effecting the end desired. In other words, the question of control of the employer over the acts of the agent is primarily essential, and the matter of the creation of the relationship of respondeat superior.

We note from and have carefully read the case of Babbitt v Say, supra, and we note from the opinion in the third syllabus that it is said that "respondeat superior does not apply where the power of control does not exist." And we note that it is further said therein, "the power does not ordinarily exist where there is no right of selection or discharge of such subordinate." The word "ordinarily" as used in this authority seems to us to have a qualifying sound as applied to the reasoning appearing in this case. We note further on in the opinion that the court says: "A variety of facts aid in determining the true question, namely, in whose control was the driver at the time of the accident." So it would seem to us that the facts in each particular case of this kind must be construed in order that the ultimate question may be solved as to who had the control of the driver or servant at the time.

We further note that Babbitt v Say supra

was decided some five days prior to Snodgrass v Cleveland Co-operative Coal Company, supra, and no doubt the court in the last styled case at the time had no knowledge of the Supreme Court's action in Babbitt v Say.

However, we note that Snodgrass v Cleveland Co-operative Coal Company was before the court on a motion to certify several months thereafter, and the motion was denied.

From the evidence in this case we are of the view that the facts disclose that a full control of the driver of the truck was in the Coal Company, that Divis exercised no control over his drivers and we are unable to see from the facts as adduced why the mere fact that the driver had been selected by Divis and his retention as a driver, or his paying the driver his wage, should set aside the positive proof in this case, that the Coal Company had full control over the driver at the time of the accident.

It is therefore our conclusion that the facts in this case warrant a departure from the general rule announced in Babbitt v Say, but recognize therein as we have previously herein indicated in the third syllabus of the case.

Considering now the question of contributory negligence, it appears from the record that Kess did nothing whatsoever to cause the truck to be started at the time it was backed, that he had no knowledge or warning that it was to be started, and he surely could not help or have caused in any way the truck to be backed a second time over his leg. It appears from the evidence that the driver was to discharge his load at the cement mixer upon the direction of the plaintiff, and it is clear that the plaintiff gave no order for the driver to pull forward or to back. It was essential that orders be given in this case by reason of the corduroy road over which the trucks moved and for the protection of the concrete mixer from contact with the trucks. We are unable to see from this record how in any way the plaintiff is chargeable with contributory negligence, and we find no error in respect thereto.

It is claimed that the court erred in its charge to the jury. It is disclosed by the record that the plaintiff in error at the conclusion of the court's charge made the request of the court to qualify the charge as given and this the court did. The portion of the charge as then given referred to the pulling forward of the truck and such remark as the court then made was most favorable to the plaintiff in error in

that it instructed the jury to find for it if the truck had pulled forward upon the order of the plaintiff. After this was given the court further qualified his statement in saying that what he had said with reference to the pulling forward of the truck could not apply to the backing of the truck. By this charge it was fairly stated to the jury that if they found that the driver of the truck had pulled forward upon the plaintiff's direction, that the plaintiff could not recover, but surely it must follow that the plaintiff could not be responsible for the second act of the driver in backing his truck over the plaintiff's leg a second time, and which act it is claimed caused the injury sustained by the plaintiff. We see no error in the amendment to the charge as given that is prejudicial to the rights of the plaintiff in error.

In the matter of the excessiveness of the verdict little more need be said than to state that the record discloses that the plaintiff sustained a broken leg; that he now suffers from pain and frequent swelling and that he is perhaps shorter in that limb. There is therefore some evidence of a permanent injury. We see no merit in this claimed error.

It follows that the judgment of the trial court is affirmed.

LEMERT and MONTGOMERY, JJ, concur.